UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNY CORCORAN,<br><br>    Plaintiff,<br><br>vs.<br><br>TIM GERVAIS, IN PERSONAM; F/V WOLVERINE, OFFICIAL NUMBER _____; HER ENGINES, MACHINERY, APPURTENANCES, AND CARGO, IN REM,<br><br>    Defendants. | Case No.<br><br>AT LAW AND AT ADMIRALTY<br><br>**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1.   Plaintiff, Kenny Corcoran, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103, 30104 – the Jones Act – and 10601 and 10602; U.S. Const. Art. III, sec. 2, and the general maritime law.

2.   Plaintiff is a resident of Alaska. On information and belief, the in personam defendant does business in King County, Western District of Washington.

SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

3.       Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

4.       The F/V Wolverine is a commercial vessel documented by the United States, official number _____.  Said vessel has her home port in the Western District of Washington or will be found in the Western District of Washington during the pendency of this action.  During all times herein mentioned said vessel was owned or bareboat chartered by the defendant and was engaged in maritime commerce.

5.       At all times herein mentioned, plaintiff was employed by the defendant as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

6.       On or about July 22, 2019, while said vessel was in navigable waters, plaintiff was forced to wear boots which were continually wet inside, and did thereby sustain severe, painful, and disabling injuries to his foot (trench foot), and other injuries not fully known at this time.  Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

7.       Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe place to work, in one or more of the following respects: Not providing reasonable accommodations with which to dry the inside of footwear or providing alternative footwear that was dry inside.

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

8.     As a direct and proximate result of the foregoing, plaintiff was caused to and did incur reasonable charges for medical care and attention.  Plaintiff does not know the reasonable value of said medical care and attention already rendered or to be rendered in the future and therefore, prays leave to amend this complaint to show the same.

9.     As a further result of the foregoing, plaintiff was rendered unable to engage in his normal and usual occupation for a period of time.  Plaintiff may later be unable to engage in his normal and usual occupation and prays leave to amend this complaint to allege the full extent of said loss when the same is ascertained.

10.    Plaintiff demands maintenance from the defendants in a per diem amount to recuperate on land with room and board at least equal to that received on defendant's vessel, until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last occurs.  Plaintiff further demands the actual cost of cure until the plaintiff is fully cured, and if never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

11.    Maintenance and cure has been demanded and not timely paid.  The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the circumstances.  Plaintiff is entitled to compensatory damages – including contingent attorney fees – for the negligent failure to pay maintenance and cure.  Plaintiff is entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance and cure.  Plaintiff is entitled to punitive damages for the willful and wanton failure to pay maintenance and cure.

12.    Plaintiff and defendant signed a contract of employment with a stated crew-share of 7% of the catch.  Contract was not signed until after commencement of the fishing voyage as

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

required by 46 U.S.C § 10601 and is therefore void.  Plaintiff claims the highest crew-share paid out of the port of engagement.

13. Plaintiff was not paid 7% of the catch and was not provided with an accounting of the catch as required by 46 U.S.C. § 10602.

14. Plaintiff is entitled to unearned wages (including bonuses and price adjustments) for the 2019 Chignik seine fishery.  Said wages have been demanded and denied.  Plaintiff is entitled to double wages under state law and punitive damages under federal law.

15. Eighty-nine (89) days following the filing of this action, plaintiff waives the physician-patient privilege, under protest, and only on condition that the Court holds that a waiver is required in this case.  This waiver is made pursuant to RCW 5.60.060(4)(b), as amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules.  Specifically, plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not reasonably calculated to lead to the discovery of admissible evidence.  This waiver is made subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy grounds, and the applicability of said statute to federal causes of action brought in federal court.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

3. For general damages, including damages for loss of consortium, as are reasonable and fair;

4. For such special damages, including found, as may be shown by the proofs herein;

5. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

6. For unearned wages and double wage penalties;

7. For earned wages at a higher crew-share, wage penalties and/or punitive damages.

7. For pre-judgment interest on all claims as is in the law provided;

8. For costs of suit and reasonable attorney fees;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 2d day of January, 2021.

        LAW OFFICE OF JOHN MERRIAM

        By:   /s/ John W. Merriam
        John W. Merriam, WSBA #12749
        4005 20th Avenue West, Suite 110
        Seattle, WA   98199
        Telephone:  (206) 729-5252
        Fax:  (206) 729-1012
        Email:  john@merriam-maritimelaw.com
        *Attorney for Plaintiff*

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff.

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5
CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

DATED at Seattle, Washington this 2d day of January, 2021.

*/s/ John W. Merriam*
John W. Merriam

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 6**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012