1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNY CORCORAN,

                Plaintiff,

    v.

TIM GERVAIS, et al.,

               Defendants.

CASE NO. C21-0001JLR

ORDER DENYING MOTION TO CHANGE CASE SCHEDULE

    Before the court is Plaintiff Kenny Corcoran's motion to change the case schedule. (Mot. (Dkt. # 14); *see also* Reply (Dkt. # 17).)  Defendant Tim Gervais opposes Mr. Corcoran's motion.  (Resp. (Dkt. # 15).)  The court has reviewed the motion, the submissions in support of and in opposition to the motion, the remainder of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Corcoran's motion.

    Mr. Corcoran filed this maritime wage and injury action on January 2, 2021, against *in personam* Defendant Tim Gervais and *in rem* Defendant F/V Wolverine, a purse seine vessel owned by Mr. Gervais.  (Compl. (Dkt. # 1); *see* Resp. at 2.)  After

ORDER - 1

several setbacks, Mr. Corcoran served Defendants in April 2021, and Defendants answered the complaint on May 24, 2021. (*See* 4/1/21 Order (Dkt. # 7); Aff. (Dkt. # 8); Ans. (Dkt. # 10).)

On June 29, 2021, the parties filed their joint status report. (JSR (Dkt. # 12).) The parties represented that they believed the matter would be ready for trial by April 4, 2022. (*Id.* at 2.) The court entered its scheduling order on July 15, 2021. (Sched. Order (Dkt. # 13).) In that order, the court set the discovery deadline on December 19, 2022; the dispositive motions deadline on January 17, 2023; and the trial date on April 17, 2023. (*Id.*)

On January 28, 2022—more than six months after the court issued its scheduling order—Mr. Corcoran filed the instant motion to change the case schedule. (*See generally* Mot.) Mr. Corcoran asks the court to move the parties' trial to a date in April 2022 and to reset the pretrial deadlines in accordance with that new date. (*Id.*) Mr. Gervais opposes Mr. Corcoran's motion. (*See* Resp. at 1.) He states that he has relied on the court's scheduling order in defending this case and that, as a result, only minimal discovery has taken place so far. (*Id.* at 3.) In reply, Mr. Corcoran concedes that an April 2022 trial date would not allow sufficient time for the parties to prepare for trial but asks that trial be reset for a date later in 2022. (Reply at 1.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Mr. Corcoran has made no effort to establish that good cause exists to modify the pretrial schedule set in July 2021. (*See generally* Mot.; Reply.) Rather, he simply states that the

ORDER - 2

trial date set by the court is more than two years after he filed his complaint on January 2, 2021; one year after the date the parties anticipated that they would be ready for trial when they filed their joint status report in June 2021; and a year later than he believes trial would "traditionally" have been set in this district. (Mot. at 1; Reply at 1.) Accordingly, because Mr. Corcoran has not established good cause, and because Mr. Gervais has reasonably relied on the court's July 15, 2021 scheduling order, the court DENIES Mr. Corcoran's motion to change the case schedule (Dkt. # 14).

Dated this 18th day of February, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3